Exhibit A

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: MICHAEL J. HARRINGTON
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

M. J. HARRINGTON
JUL 10 2006

SOP Transmittal # **DC10794**

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: ELI LILLY AND COMPANY
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of DISTRICT OF COLU on this 7 day of July, 2006. The following is a summary of the document(s) received:

1. **Title of Action:** Allen G. Martin vs. Eli Lilly & Co.

2. **Document(s) served:**
   - **x** Summons
   - **x** Complaint
   - __ Petition
   - __ Garnishment
   - __ Subpoena
   - __ Third Party Complaint
   - __ Demand for Jury Trial
   - __ Default Judgement
   - __ Injunction
   - __ Notice of
   - __ Mechanics Lien
   - __ Other:

3. **Court of Jurisdiction/Case & Docket Number:** Superior Court of District of Columbia
   0005140-06

4. **Amount Claimed, if any:**

5. **Method of Service (select one):**
   - __ Personally served by:
   - **x** Delivered Via:
   - __ Other (Explain):
   - __ Process Server
   - **x** Certified Mail (Envelope enclosed)
   - __ Deputy Sheriff
   - __ Regular Mail (Envelope enclosed)
   - __ U. S Marshall
   - __ Facsimile

6. **Date and Time of Service:** 7/7/2006 3:46:24 PM EST (GMT -5)

7. **Appearance/Answer Date:** 20 Days

8. **Plaintiff's Attorney:** Aaron M. Levine
   (Name, Address & Telephone Number)
   1320 19th Street, NW
   Suite 500
   Washington DC 20036
   202-833-8040

9. **Federal Express Airbill #** 791042760428

10. **Call Made to:** Not required

11. **Special Comments:**

NATIONAL REGISTERED AGENTS, INC.

Transmitted by: John Christel

Copies To: FAX: 3172766221
MICHAEL J. HARRINGTON
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ALLEN G MARTIN
Vs.                                                              C.A. No.        2006 CA 005140 B
ELI LILLY AND COMPANY

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                                                Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  July 5, 2006
Initial Conference: 9:30 am, Friday, October 20, 2006
Location:  Courtroom B-52
           409 E Street, NW
           WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| ALLEN G MARTIN |
|---|

*Plaintiff*

VS.

0005140-06

Civil Action No. [ ]

| ELI LILLY AND COMPANY |
|---|

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Aaron M. Levine |
|---|

Name of Plaintiff's Attorney

| 1320 19th St., NW, Suite 500 |
|---|

Address

| Washington, DC  20036 |
|---|

| (202) 833-8040 |
|---|

Telephone

By _____
Deputy Clerk

Date  07-05-06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

ALLEN G. MARTIN ]
118 Monroe Street #105 ]
Rockville, MD 20850 ]                           0005140-06
 ]
        Plaintiff, ]
v.                                      ] Civil Action No.
 ]
ELI LILLY AND COMPANY ]
Lilly Corporate Center ]                  RECEIVED
Indianapolis, IN  46285 ]               Civil Clerk's Office
w/s/o NATIONAL REGISTERED AGENTS, INC. ]
1090 Vermont Avenue, NW, #910 ]             JUL 0 5 2006
Washington, DC  20005 ]
                                        Superior Court of the
        Defendant.                      District of Columbia
                                         Washington, D.C.

COMPLAINT
(Zyprexa Litigation – Products Liability, Punitive Damages)

1.   Jurisdiction is founded upon 11 D.C. Code §921 (2001 ed.).

2.   Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia.  At all times mentioned herein, Defendant Eli Lilly & Company designed, manufactured, tested, analyzed, distributed, merchandised, advertised, promoted, supplied and sold Zyprexa and other pharmaceutical products  in the District of Columbia.  Zyprexa is among a group of drugs called "the atypical antipsychotic drugs" prescribed for the treatment of schizophrenia and bipolar disorder.  Plaintiff was prescribed Zyprexa and received medical care for his injuries in the District of Columbia.

COUNT I
(Negligence)

3.   In or about 1998-2003, Plaintiff was prescribed, purchased and ingested Zyprexa, as prescribed by his psychiatrist for the treatment of schizophrenia.

4.  As a result of Plaintiff's exposure to Zyprexa, he suffered serious and permanent injuries, including, but not limited to, diabetics mellitus, incurred medical expenses for care and treatment, and suffered physical and mental pain.

5.  The Defendant negligently and carelessly manufactured, compounded, tested, failed to test, failed to adequately warn, and over-promoted the aforesaid product and failed to heed, reports and warnings of adverse information regarding the safety of Zyprexa. As a result Plaintiff was injured as aforesaid.

## COUNT II
### (Strict Liability)

6.  All of the allegations contained in Count I are realleged and incorporated herein by reference.

7.  At all times herein mentioned the aforesaid product was defective and unsafe in manufacture, and was so at the time it was distributed by Defendant and ingested by Plaintiff. It was not properly accompanied by proper warnings regarding possible adverse side effects associated with the use of Zyprexa. Given the severity of the adverse effect, the warnings given did not accurately reflect the symptoms and severity of the adverse effects. These defects caused serious injuries to the user when used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant.

8.  The Defendant knew that the aforesaid product was to be used by the user and his physician without inspection for defects therein.

9.  Zyprexa was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product, i.e., ingestion to aid in treating bipolar disorder and/or schizophrenia, involved substantial dangers not readily recognizable by the ordinary user of the

product. The defendant failed to warn of the known or knowable likelihood of injury including but not limited to the likelihood the user would develop diabetes.

10. Zyprexa was further defective due to inadequate post-marketing warning or instruction, after Defendant knew or should have known of the risks of injury from Zyprexa, and failed to promptly respond to and warn about the likelihood of injury, including but not limited to diabetes, diabetic ketoacidosis, pancreatitis and death.

11. Plaintiff did not know, nor had reason to know, at the time of the use of the aforesaid product, or at any time prior thereto, of the existence of the foregoing described defects. The defects caused the herein described injuries to Plaintiff.

12. The Defendant knew that the aforesaid product was to be used by the user without inspection for defects or investigation therein and that the aforesaid product was unaccompanied by warnings of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution.

13. Plaintiff neither knew, nor had reason to know, at the time of the use aforesaid product, or at any time prior thereto, of the existence of the foregoing described defect.

14. By reason of having marketed and promoted Zyprexa in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for his injuries, losses, and damages as aforesaid.

## COUNT III
### (Breach of Warranty)

15. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

16. At all times relevant to this action, Defendant marketed and promoted Zyprexa accompanied by implied and express warranties and representations to physicians and their

patients that the drug was safe as an aid to schizophrenia and bipolar disorder patients, if used as directed for such purposes.

17. Defendant knew, or should have known, that Plaintiff and his attending physicians were relying on Defendant's skills and judgments.

18. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, Zyprexa was a misbranded drug in violation of federal law, and was neither safe nor efficacious for its intended purpose.

19. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT IV
### (Misrepresentation)

20. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

21. Defendant represented to Plaintiff and his attending physicians, in promotion campaigns, advertisements, labeling, and literature that Zyprexa was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

22. The Plaintiff and his attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and ingestion of Zyprexa.

23. At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of safety and for efficacy and a danger to those in the position of the Plaintiff.

24. As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT V
### (Punitive Damages)

25. The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, was on actual and constructive notice that Zyprexa was unsafe, nonetheless, the Defendant knowingly and intentionally promoted Zyprexa as an aid of schizophrenias and bipolar disorder and disregarding the published literature that warned of the risks and criticized its safety and efficacy. The Defendant intentionally, maliciously and wantonly promoted Zyprexa for use in schizophrenia and bipolar disorder, as the most "effective" therapy to treat those disorders  Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the psychiatric profession and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

**WHEREFORE**, Plaintiff Allen G. Martin demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, jointly and severally, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

_____
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

_____
Brandon J. Levine, #412130

_____
Renee L. Robinson-Meyer, #455375

_____
Steven J. Lewis, #472564

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

_____
Aaron M. Levine

Eli Lilly & Co.
w/s/o National registered Agents, Inc.
1090 Vermont Avenue, NW #910
Washington, DC 20005

CERTIFIED MAIL

7005 1820 0004 0071 9475

SUBURBAN MD PDC
06 JUL 2006
PM 5 L

0002549265
MAILED FROM ZIP CODE 20036
JUL 05 2006



FedEx Label

Page 1 of 1

From: (800)767-1553
National Registered Agents, Inc
1090 Vermont Avenue, N.W.
Suite 910
Washington, DC 20005

To: MICHAEL J. HARRINGTON (317)433-7016
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER

INDIANAPOLIS, IN 462850000

Ref: DC10794

TRK# 7910 4276 0428    FDRM 0201

46285-IN-US    ** 2DAY **    SE GSHA IND

FedEx Revenue Barcode
CAD #1124160
SHIP DATE: 07JUL06
WEIGHT: 1 LBS

TUE
A1
Deliver by:
11JUL06

Name: HARRINGTON MICHAEL J
International Location: ELI LILLY
Route/Mailstop:
Department:
Telephone: 3174337016

Want moi    74 09 1093

Go to fedex.c

09:59:29 07/10/06
09